UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
TENNESSEE RAND, INC., :
: CASE NO. 1:20-cv-02433
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 18; Doc. 18-1]
GESTAMP WASHTENAW, LLC, ET AL., :
:
Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Gestamp Washtenaw, LLC; Gestamp West Virginia, LLC; Gestamp Chattanooga, LLC; and Gestamp North America, Inc. move the Court[1] to stay the Case Management Conference Scheduling Order[2] in this case.

The Court **DENIES** Defendants' motion to stay the Case Management Conference Scheduling Order.

Defendants filed a pending motion to dismiss for lack of personal jurisdiction and improper venue.[3] Defendants now seek to stay the portion of the Case Management Conference Scheduling Order requiring them to answer Plaintiff's complaint until the Court rules on the motion to dismiss.[4]

Plaintiff opposes Defendants' motion.

---

[1] Doc. 18; Doc. 18-1
[2] Doc. 15.
[3] Doc. 13; Doc. 13-1 (citing Fed. R. Civ. P. 12(b)(2–3)).
[4] Doc. 18 at 1. This Court "requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss." Doc. 15 at 5.

Case No. 1:20-cv-02433
Gwin, J.

Answering Plaintiff's complaint and filing counterclaims will not waive the 12(b) personal jurisdiction and venue defenses Defendants have already asserted in their motion to dismiss. Even Defendants' cited authorities suggest this conclusion.[5] Moreover, "[t]o waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits. . . ."[6] But here, Defendants have already asserted their personal jurisdiction defense and made their intentions clear.

For the following reasons, the Court **DENIES** Defendants' motion to stay the Case Management Conference Scheduling Order and **ORDERS** Defendants to file any answer within 14 days.

IT IS SO ORDERED.


Dated: January 22, 2020          *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[5] *H.H. Franchising Sys., Inc. v. Klaits*, No. 1:12cv709, 2014 WL 1308505, at *3 (S.D. Ohio Mar. 31, 2014) ("The Court notes that the federal courts of appeals which have addressed the issue have concluded that the filing of a counterclaim, in and of itself, does not operate as a waiver to personal jurisdiction."); 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1397 (3d ed. 2008) ("Since a defendant who is contemplating . . . a counterclaim always can avoid waiver by raising his defenses through pre-answer motion or by asserting his counterclaim through a pleading amendment, permitting a counterclaim to be asserted in the answer without waiving Rule 12(b) defenses comports with the policy behind the federal rules of favoring substance over form.").

[6] *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir.2010)).