UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| TENNESSEE RAND, INC., | : | |
| | : | CASE NO. 1:20-cv-02433 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 13] |
| GESTAMP WASHTENAW, LLC, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Gestamp Washtenaw, LLC; Gestamp West Virginia, LLC; Gestamp Chattanooga, LLC; and Gestamp North America, Inc. seek to dismiss this action for lack of personal jurisdiction and improper venue.

The parties dispute whether a forum selection clause choosing Cuyahoga County, Ohio, should control. Defendants argue that the clause does not apply. Alternatively, Defendants say this Court does not have personal jurisdiction over them, and the venue is improper.

For the following reasons, the Court finds that the forum selection clause applies and **DENIES** Defendants' motion to dismiss.

Case No. 1:20-cv-02433
Gwin, J.

## I. Background

Plaintiff Tennessee Rand produces machinery and assembly lines for manufacturing automotive parts. Defendants manufacture automotive parts.[1]

Plaintiff Tennessee Rand sued Gestamp for failing to pay "for automated welding equipment and ancillary integration services" that Tennessee Rand sold to two Michigan and Tennessee Gestamp production facilities.[2]

In a contest of competing offer and purchase forms, Defendants seek to dismiss the current case. Defendants Gestamp Washtenaw argue that Plaintiff Tennessee Rand's forum selection clause should not apply.[3] Defendants contend that their inconsistent forum selection clause "knocks out" Plaintiff's forum selection clause in the parties "battle of the forms."[4] Plaintiff opposes.[5]

## II. Discussion

### a. Legal Standard

When a court decides a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss "solely on written submissions and affidavits," the Plaintiff must make a *prima facie*

---

[1] Doc. 13-1 at 2.
[2] Doc. 1 at 1.
[3] Doc. 13; Doc. 13-1 at 2.
[4] Doc. 13-1 at 2.
[5] Doc. 17.

-2-

Case No. 1:20-cv-02433
Gwin, J.

showing that the court has personal jurisdiction. The court views the facts in the light most favorable to plaintiff.[6]

A defendant can waive a personal jurisdiction defense by agreeing to a valid and enforceable forum selection clause.[7] "A forum selection clause contained in an agreement in connection with an arm's length commercial transaction between two business entities is valid and enforceable," unless there is a "strong showing" that it should be set aside.[8]

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a plaintiff's complaint for improper venue. The plaintiff "bears the burden of proving that venue is proper."[9]

### b. The Parties' Forum Selection Clause

There are two, similar agreements at issue—one for a Michigan project and one for a West Virginia project, that was later moved to Tennessee.[10] For the Michigan project, Plaintiff Tennessee Rand's affiliate, Lincoln Electric Advanced Automation Solutions,

---

[6] *Air Prod. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).
[7] *See Preferred Capital, Inc. v. Assocs. in Urology,* 453 F.3d 718, 721 (6th Cir.2006)
[8] *Id.*
[9] Fed. R. Civ. P. 12(b)(3); *Gone To The Beach, LLC v. Choicepoint Services, Inc.*, 434 F. Supp. 2d 534, 536–37 (W.D. Tenn. 2006) (citing *Audi AG & Volkswagen of America, Inc. v. Izumi,* 204 F.Supp.2d 1014, 1017 (E.D.Mich.2002)). Defendants do not make 12(b)(3) argument. Rather, they request dismissal or transfer due to improper venue under 28 U.S.C. § 1406(a) . Doc. 13-1 at 10. Because the Court finds that Plaintiff's forum selection clause applies, the Court also finds that venue in this Court is proper. The clause says, "The parties shall submit to personal jurisdiction and venue in the State of Ohio, County of Cuyahoga." Doc. 1-1 at 18; *see also ViSalus, Inc. v. Smith*, No. 13-10631, 2013 WL 2156031, at *8 (E.D. Mich. May 17, 2013) ("As with personal jurisdiction, Defendant may waive objection to venue, and courts will generally enforce waivers made by agreement.").
[10] Doc. 13-1 at 4–9.

Case No. 1:20-cv-02433
Gwin, J.

sent a contract proposal to Defendants. The Plaintiff contract proposal incorporated certain linked standard contract terms including the Cuyahoga County forum selection.

The parties negotiated through seven versions of the proposal.[11] All versions of the proposal referenced Tennessee Rand's standard website terms and conditions.[12] These terms and conditions included the Ohio forum and venue selection clause, as well as a website provision forbidding adding "any additional or differing terms" to the transaction.[13]

After receiving the final proposal, Defendants Gestamp entities issued purchase orders to Plaintiff. Defendants Gestamp's purchase orders included Defendants' own forum selection clause that purported to reject any conflicting Plaintiff terms and conditions.[14]

The parties followed a similar process for the Tennessee project,[15] although that project was originally intended for Defendants' West Virginia facility, but moved to

---

[11] Doc. 1 at 4.

[12] *Morgantown Machine & Hydraulics of Ohio, Inc.*, No. 5:15-CV-1310, 2016 WL 705261, at *5 (N.D. Ohio Feb. 23, 2016); *Discount Drug Mart, Inc. v. Devos, Ltd.*, No. 1:12 CV 00386, 2013 WL 5820044, at *2 (N.D. Ohio Oct. 29, 2013) ("Incorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship.") (quotation marks and citations omitted).

Defendants argue that the online terms and conditions were not properly incorporated because Plaintiff's proposals said, "[f]or further details in regards to Lincoln Electric Advanced Automation Solutions Group standard Terms and Conditions, please visit www.tennrand.com/legal" underneath the heading "Terms and Conditions." Doc. 13-1 at 16; *see, e.g.*, Doc. 13-4 at 20. Further, Defendants take issue with the fact that Plaintiff's website currently has two terms and conditions listed, one for its website and one for sales. Doc. 13-1 at 14–15.

The Court is not persuaded by these arguments. Defendants cite two cases using Michigan and Florida law to support their argument that Plaintiff's incorporation was insufficient. *Id.* at 16–17. It is clear from Plaintiff's proposals that it meant to reference and use the terms and conditions to which it linked. This case is not like *Volovetz v. Tremco Barrier Solutions, Inc.*, which Defendants cite, where a contract said only that a product "has a 30-year warrantee" and a warranty document was attached with no other connection. 74 N.E. 3d 743, 752 (Ohio Ct. App. 2016).

[13] Doc. 1 at 5; Doc. 1-1 at 4; Doc. 17 at 3, 12.

[14] Doc. 13-1 at 6.

[15] *Id.* at 7–8.

Case No. 1:20-cv-02433
Gwin, J.

Tennessee.  Plaintiff sent additional proposals and Defendants issued additional purchase orders after the move.[16]

The central issue in this instance is a "battle of the forms."[17]  Defendants contend that the conflicting forum clauses in Plaintiff's proposals and Defendants' purchase orders knock each other out, leaving no forum selection clause to apply.[18]  Further, Defendants say that Plaintiff did not properly incorporate its terms and conditions, which included the forum and venue selection clause.  Plaintiff made proposals that linked to Plaintiff's website

---

[16] *Id*. at 8.

[17] Both parties apply Ohio law to address whether Tennessee Rand's forum and venue selection clause applies, and the Court will also.  Doc. 13-1 at 12 n.7; Doc. 17 at 7; *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 368 (6th Cir. 2008) (applying forum law to "the initial question of whether the agreements containing the forum selection clauses were valid").  Defendants dispute that Ohio law applies, but recognize that Ohio, Michigan, and Tennessee—the states at issue here—have all adopted § 2-207 of the Uniform Commercial Code.  Doc. 13-1 at 12 n.7.

[18] Doc. 13-1 at 11–12 (citing Ohio Rev. Code § 1302.10).

-5-

Case No. 1:20-cv-02433
Gwin, J.

and to terms found through that link. Defendants argue that the correct terms and conditions' location on the webpage was unclear.[19]

By contrast, Plaintiff argues that the terms and conditions webpage was clear and, more importantly, contained Plaintiff's objections to any additional or different terms in Defendants' acceptance.[20]

Under Ohio's commercial code, Plaintiff's terms and conditions, including the forum and venue selection clause, apply.

Plaintiff is correct that under Ohio Revised Code § 1302.10, Ohio's version of the UCC § 2-207, the "knock out rule," only applies where the parties' "writings . . . do not otherwise establish a contract."[21] That is not the case here.

Here, as in *Hydrodec of North America LLC v. API Heat Transfer*, Plaintiff's proposals served as offers and Defendants' purchase orders were acceptances.[22] Plaintiff

---

[19] *Id.* at 14–17. For the first time in their reply brief in support of their motion to dismiss, Defendants argue that Plaintiff's proposals were "invitations to negotiate" rather than legitimate contractual offers. In turn, Defendants say that their purchase orders were the real offers, which Plaintiff accepted via "order acknowledgement forms." Doc. 23 at 8–12.
The Court is not persuaded. While quotations or proposals are not always offers, the context in this case indicates that Plaintiff's proposals were more than an offer to negotiate—they documented the negotiation. The parties went through different versions of the proposals, and the proposals included deal terms, pricing, instructions, and other elements more akin offers. Doc. 24-1 at 3. *See also Crown Equip. Corp. v. KeHE Distrib., LLC*, No. 3:17-cv-1711, 2019 WL 4889394, at *2–3 (N.D. Ohio Oct. 3, 2019); *Hydrodec of N. Am. LLC v. API Heat Transfer, Inc.*, No. 5:16-cv-2207, 2017 WL 3283997, at *6–7 (N.D. Ohio Aug. 2, 2017) ("the inclusion of a description of the product, price, quantity, and terms of payment may indicate that the price quotation is an offer rather than a mere invitation to negotiate") (citing *Dyno Constr. Co. v. McWayne, Inc.*, 198 F.3d 567, 572 (6th Cir. 1999)).
[20] Doc. 17 at 15–19.
[21] Ohio Rev. Code § 1302.10(C); *Dorton v. Collins & Aikman Corp.*, 453 F.2d 1161, 1166 (6th Cir. 1972); Doc. 17 at 3.
[22] *Hydrodec of N. Am. LLC*, 2017 WL 3283997, at *6–7.

Case No. 1:20-cv-02433
Gwin, J.

offeror's terms and conditions, that were legitimately incorporated into the proposal,[23] win the battle of the forms.

Plaintiff's terms and conditions contained a clause limiting Defendants' acceptances to the terms of the offer and rejecting other terms.[24] Under § 1302.10(B)(1) and § 1302.10(B)(3), the additional terms in Defendants' acceptance/purchase orders did not become part of the parties' contract because Plaintiff's terms and conditions "expressly limit[ed] acceptance to the terms of the offer" and Plaintiff had already objected to Defendants counter terms.[25] Neither Defendants' acceptances in the form of purchase orders nor Defendants actions indicated that Defendants' acceptances were conditioned on using Defendants' version of the forum and venue selection clause.[26]

Finally, the forum and venue selection clause is sufficiently broad to cover Plaintiff's related, non-contract claims.[27]

### III. Conclusion

For the following reasons, the Court **DENIES** Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: February 8, 2021   *s/ James S. Gwin*
　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[23] *See supra* note 12.
[24] Doc. 17 at 12; Doc. 1-1 at 4; Ohio Rev. Code § 1302.01(A)(7) ("'Between merchants' means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants.").
[25] Ohio Rev. Code § 1302.10(B)(1), (3).
[26] *Dorton*, 453 F.2d at 1168.
[27] *Travelers Prop. Cas. Co. of Am. v. Centimark Corp.*, No. 2:04–CV–0916, 2005 WL 1038842, at *2 (S.D. Ohio May 3, 2005); *Bohl v. Hauke*, 906 N.E.2d 450, 458 (Ohio Ct. App. 2009).

-7-